UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-066-H

GLEN BEARD                                                                    PETITIONER

v.

JOHN MOTLEY, WARDEN                              RESPONDENT

**MEMORANDUM OPINION**

This matter is before the Court on the *pro se* Petitioner, Glen Beard's response to a show cause order because he has filed this habeas petition, under 28 U.S.C. § 2254, outside the limitation period. The Court concludes the petition should be dismissed *sua sponte* as time-barred because Petitioner's circumstances do not warrant equitably tolling the limitation period.

**I.**

The Jefferson Circuit Court entered a judgment of conviction on a guilty plea on September 15, 1992, and sentenced Petitioner to 150 years' imprisonment. Petitioner did not appeal, but later, Petitioner filed three post-conviction motions in state court.

In the latest state proceeding, the Kentucky Court of Appeals summarized the events of Petitioner's case as follows:

> On the evening of September 8, 1992, in Louisville, Kentucky, Glen Lee Beard shot and killed his estranged wife. He then went to her home, found his two daughters and shot them both in the head, leaving them for dead. After the shootings, Beard was quickly arrested. Within twenty-four hours of the shootings, a psychologist interviewed Beard in jail for approximately an hour and a half. In a report, the psychologist indicated that Beard understood the proceedings against him. On September 14, 1992, Beard was charged in an indictment with one count of murder, two counts of assault in the first degree, one count of attempted murder and one count of burglary in the first degree. On September 15, 1992, Beard pleaded guilty to all charges in Jefferson Circuit Court and was sentenced to a total of 150 years in prison.
> On June 18, 197, Beard filed a motion, pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42, to vacate the

> judgment finding him guilty and sentencing him to prison. In his motion, Beard alleged that he had been incompetent at the time he pleaded guilty and that his trial counsel knew this. According to Beard, his trial counsel rendered ineffective assistance by failing to request a competency hearing. The circuit court denied Beard's RCr 11.42 motion, and, in 1997-CA-002171-MR, an unpublished opinion, this Court affirmed the circuit court's decision.
> 
> On May 17, 1999, Beard moved to vacate the judgment and sentence pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. In his 1999 motion, Beard argued, among other things, that he had been incompetent in 1992 when he pleaded guilty. Thus, he insisted, his plea was involuntary. The circuit court denied this motion as well. On appeal, this Court again affirmed the circuit court's decision.
> 
> On July 19, 2004, Beard filed a second CR 60.02 motion for relief once again arguing that he had not been competent when he pleaded guilty. As a consequence, he contended, he was entitled to a retrospective competency hearing. The circuit court again denied Beard's motion, and, once more, he has appealed to this Court.

*Beard v. Commonwealth*, 2006 WL 1045446 (Ky.App. Mar. 31, 2006).

The Kentucky Court of Appeals rejected Petitioner's claim of incompetency and affirmed the lower court on March 31, 2006.

Petitioner filed this § 2254 petition by placing it in the prison mail system on or about January 30, 2009.

## II.

State prisoners must petition for federal habeas corpus relief, as a general rule, within a one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) (providing that other circumstances may trigger the clock at a later date, none of which are applicable here). If a challenged state conviction became final before the AEDPA's effective date, April 24, 1996, the Court of Appeals for the Sixth Circuit has

2

interpreted the AEDPA as providing a one-year grace period, to April 24, 1997, for filing a § 2254 petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

Petitioner's conviction became final, for purposes of the AEDPA, thirty days after September 15, 1992, when the time for seeking direct review of the conviction expired. *See* KY. R. CR. PROC. 12.04. Thus, Petitioner had until April 24, 1997 to file a federal habeas petition. *See Cook v. Stegall,* 295 F.3d at 519.

Even after the one-year limitation period begins to run, certain post-conviction proceedings in state court will toll the statute. *See* § 2244(d)(2). However, the "tolling provision does not ... revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations omitted).

Petitioner filed the first post-conviction motion on June 18, 1997, after the one-year grace period expired, April 24, 1997. Thus, this petition is time-barred.

The question remains, however, whether Petitioner may avail himself of the doctrine of equitable tolling. To equitably toll the one-year limitation period, the petitioner must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (stating the applicant bears the burden of demonstrating entitlement to equitable tolling); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (setting forth additional factors such as the petitioner's lack of notice of the filing requirement, absence of prejudice to the respondent, and the petitioner's reasonableness in remaining ignorant of the filing requirement). The Sixth Circuit has cautioned that equitable tolling should be "applied

3

sparingly." *Dunlap,* at 1008.

In response to the show cause order, Petitioner argues his petition should be considered timely because of the nature of the claims involved, i.e., competency to plead guilty. Petitioner contends his lack of diligence is evidence that in 1992 he was legally incompetent to seek judicial review of his conviction. Petitioner further emphasizes his lack of funds to hire a prison legal aide to assist him in filing a claim. The Court finds these reasons unpersuasive and legally insufficient under *Pace* and *Dunlap*.

Petitioner filed three post-conviction motions, beginning in 1997. Even if Petitioner, for the sake of argument, was unable to seek judicial review at the beginning of his sentence, he demonstrated ability as early as 1997. Moreover, the Kentucky Court of Appeals denied relief in March 2006, yet Petitioner continued to sit on his rights until this filing in January 2009. Petitioner states no specific events or circumstances which caused the delay in filing this federal petition. Attributing delay to his situation generally, such as his meager resources and poor legal assistance in prison, does not provide legal justification for excusing the limitation period.

The Court concludes Petitioner fails to allege extraordinary circumstances which excuse the lack of diligence or otherwise warrant applying the doctrine of equitable tolling in this case.

The Court will enter a separate order.

### III. CERTIFICATE OF APPEALABILITY

Before filing an appeal of the denial of a habeas corpus petition, the petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should

4

be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

This Court concludes no reasonable jurist could find debatable the application of the one-year limitation period to this petition or the conclusion that Petitioner's circumstances do not warrant equitably tolling the limitation period. Therefore, the Court will deny a certificate of appealability.

DATE:

cc: Petitioner, *pro se*
 Respondent
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
  1024 Capital Center Drive, Frankfort, KY 40601

4412.007